IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DR. ERIC LUCE**                                                      **PLAINTIFF**

vs.                                      **CIVIL ACTION NO. 2:06cv240-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, DR. SHELBY THAMES, individually
and officially, DR. DANA THAMES,
individually and officially, THE BOARD OF TRUSTEES
OF STATE INSTITUTIONS FOR HIGHER LEARNING**        **DEFENDANTS**

## ORDER

This matter is before the court on the motion to remand filed on behalf of the plaintiff. The court, having reviewed the motion and the response, and being fully advised in the premises, finds that the motion is not well taken and should be denied. The court specifically finds as follows:

On August 30, 2006, plaintiff filed this action in the Circuit Court of Forrest County, Mississippi, seeking damages arising out of his employment with defendant. Plaintiff, a tenured faculty member at the University of Southern Mississippi, alleges that he wrongfully denied promotion to Full Professor and asserts in his complaint a claim under 42 U.S.C. § 1983 based on alleged violations of his federal Constitutional rights - specifically, violations of his rights to procedural due process, substantive due process, equal protection and under the First Amendment. He also asserts a state law claim for breach of contract, as well as state law claims for implied and/or oral contract violations, promissory estoppel, equitable estoppel, detrimental reliance, misrepresentation, negligent infliction of emotional distress, intentional infliction of

emotional distress and negligence.

Pursuant to 28 U.S.C. § 1441, defendant removed this action to this court on October 23, 2006, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. On November 16, 2006, plaintiff moved to remand this case to state court. The parties do not dispute that this court has subject matter jurisdiction over this case. However, plaintiff argues that the case should be remanded pursuant to 28 U.S.C. § 1441(c), which states: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

It is true, as plaintiff argues, that under section 1441(c), district courts have the discretion to remand an entire case - both federal and state claims - where state law predominates. *Metro Ford Truck Sales, Inc., v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998), *reh'g & suggestion for reh'g en banc denied*, 154 F.3d 419 (5th Cir. 1998); *see also Jones v. Belhaven College*, 98 Fed. Appx. 283, 284 (5th Cir. 2004) (*per curiam*); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). However, in order for this discretion to come into play, there must be a separate and independent claim or cause of action joined with a federal question claim that is otherwise non-removable. *Smith v. Amedisys Inc.*, 298 F.3d 434, 439-40 (5th Cir. 2002); *Metro Ford*, 145 F.3d at 327-28; *Eastus*, 97 F.3d at 104-05. In other words, where the federal and state law claims are not separate and independent claims, the trial court lacks discretion to remand any or all of the claims. *Smith*, 298 F.3d at 439-40; *see also Eastus*, 97 F.3d at 105 (*citing John G. & Marie Stella Kenedy Mem'l Found v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994)).

2

"[W]here there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441." *Id.* at 440 (*quoting Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)). Put another way, "[a] case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants." *Id.* (*quoting Texas v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998)). Moreover, "a claim is not independent if it involves substantially the same facts." *Id.* (*quoting Eastus*, 97 F.3d at 104). In making the determination of separateness and independence of claims, the facts upon which each claim is based must be examined. *Nabors v. City of Arlington*, 688 F.Supp. 1165, 1167 (E.D. Tex. 1988). In this inquiry, the complaint controls. *Eastus*, 97 F.3d at 104-05 (citations omitted).

In *Amedisys*, plaintiff sued her former employer alleging sexual harassment, discrimination, retaliation and intentional infliction of emotional distress, and asserted claims under Title VII, Louisiana employment discrimination statutes, and Louisiana tort law. The district court refused to remand the entire case or, in the alternative, just the state law claims, concluding that it lacked discretion to do so under 1441(c). The Fifth Circuit affirmed, concluding that because "the single wrong is the sexual harassment, discrimination, and retaliation allegedly committed by the individual Defendants, and the various claims are simply different theories of recovery," the federal and state claims were not separate and independent under 1441(c). *Amedisys*, 298 F.3d at 440. *See also Eastus*, 97 F.3d at 105 (holding that employee's federal claim for retaliatory discharge under Family and Medical Leave Act not separate or independent from state law claim for intentional infliction of emotional distress based

3

upon same discharge); *Nabors*, 688 F.Supp. at 1167 (holding that employee's claims for retaliatory discharge, breach of contract and civil rights violation were merely different theories of recovery for the same wrong - the discharge - and therefore were not separate and independent).

In the case at bar, the gravamen of plaintiff's complaint is that he was wrongfully denied promotion to Full Professor, in violation of his employment contract and the faculty handbook. It is clear from a review of his complaint that all of plaintiff's various theories of recovery are premised on this one, single transaction or series of transactions. The alleged breaches of plaintiff's employment contract and the faculty handbook form the basis for the Section 1983 claim for violation of his federal Constitutional rights as well as his state law breach of contract claim.[1] The various claims involve substantially the same facts - namely, the circumstances surrounding plaintiff's denial of promotion, including the procedures that were or were not followed, the rights afforded to plaintiff in his employment contract and/or the employee handbook, and the extent to which plaintiff had a property interest in his continued employment.

Moreover, even if there were separate and independent claims, this court still would not exercise its discretion under 1441(c) to remand this case. For one thing, the court is not convinced that state law predominates in this lawsuit, in which plaintiff has asserted a Section 1983 claim premised upon violations of at least four separate federal Constitutional rights, enumerated in Count One of the complaint. At any rate, this court has jurisdiction to hear all of plaintiff's claims, and is perfectly qualified to apply Mississippi law where appropriate. Plaintiff

---

[1] Plaintiff's other state law claims are premised on the same facts as well, as indicated in the complaint when plaintiff states, in reference to these additional claims, "[i]n essence, the underlying facts regarding the foregoing torts have been summarized supra."

also argues that because several cases are currently pending before Mississippi state courts (including the Mississippi Supreme Court) involving the issue of employee handbooks as property interests under Mississippi law, this court should remand this case to avoid potentially conflicting legal rulings.[2]  However, the court finds this argument to be unconvincing.  Indeed, this same argument was advanced by plaintiff's counsel recently in a motion to remand in another very similar case currently pending before this court, and this court rejected it as unpersuasive.  *See McKean v. University of Southern Mississippi,* No. 2:05cv34 (S.D. Miss. Aug. 18, 2006).

    IT IS THEREFORE ORDERED AND ADJUDGED that plaintiff's motion to remand [**# 5**] is denied.

    SO ORDERED AND ADJUDGED, this the 22nd day of March, 2007.


    *s/Keith Starrett*
    UNITED STATES DISTRICT JUDGE

---

[2] The court notes that plaintiff has provided no information about these cases and their relevance to the case *sub judice*, other than their names, that they are currently pending before the Mississippi Supreme Court, and that they involve "similar" issues as this case - specifically, that they "involve the contractual rights of a professor at a university in Mississippi - particularly the University of Southern Mississippi...The predominant issue is what contractual rights emanate from an Employee Handbook."  In addition, plaintiff has attached an Agreed Order of Remand in another, also purportedly "similar" case, in further support of his motion to remand.  As the parties in that case all *agree*d to a remand, it is also not convincing to this court.